**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DWIGHT ROSS,

    Plaintiff,

v.                                                  Case No.  8:05-cv-515-T-30MAP

BRADLEY PASTERNAK,

    Defendant .
_____/

## ORDER

Plaintiff, an inmate in the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1).  Plaintiff has also filed an Affidavit of Indigency seeking leave to proceed *in forma pauperis* (Dkt. 2). Plaintiff names Corrections Officer Bradley Pasternak as the defendant.  Because Plaintiff is seeking redress from an employee of the Florida Department of Corrections, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part, as follows:

    (a)    Screening. -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b)    Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.*

The Court finds, for reasons set forth *infra*, that even though allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), the complaint should be dismissed prior to service of process pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. § 1915A(b)(1) for failure to exhaust administrative remedies.

In his complaint, Plaintiff states:

>    My civil rights pursuant to 42 U.S.C. § 1983 have been violated by defendant[.] A federal constitution [sic] right under the laws of the United States, the First Amendment to the United States Constitution. The defendant interferred [sic] in the plaintiff['s] right to practice his religious belief by participating in an approved authorized observance of the Hebrew Israelite Feast of Unleaven Bread at Polk Correctional Inst. [sic] Defendant physically blocked plaintiff[']s path and refused to allow plaintiff to leave [the] dorm at [the] approved time. Doing so intentionally, willfully inflicting emotional distress, derress [sic], hate and psychological pain and dismay. Plaintiff stands ready to present his evidence.
>
>    Acting under the color of law officially and individually[,] Bradley Pasternak[,] a correctional officer at Polk C.I.[,] Polk City, Florida[,] on or about **03-30-01** deliberately and intenialy [sic] denied plaintiff [the] right to participate in religious practices **approx. March 2001** by physically blocking plaintiff['s] ability to exit [the] dorm, locking plaintiff inside [the] dorm[,] verbally badgering and refusing to verify plaintiff['s] participation in the Feast of Unleaven Bread authorized by D.O.C. Defendant singled out plaintiff because plaintiff is a Hebrew Israelite with intential [sic] hate forcing emotional, stressful and dismay psychologically upon Plaintiff. Because of Defendant[']s action or lack thereof Defendant [sic] was excluded from exercising his greatest amount of individual freedom and opportunity for pursuit of Religious beliefs and practices to enclude [sic] the observance and keeping of the Feast of Unleaven Bread[.] Plaintiff was refused the rights granted to an offender in the custody of the D.O.C. or any of the

> Department[']s sub-agents which caused severe emotional and psychological permanent injury, and irrepairable [sic] harm.
>
> The defendant Bradley Pasternak a correctional officer with the Dept. Of Corrections acted in his official capacity as well as his official/individual capacity. Plaintiff stands ready to present his evidence Plaintiff suffered irrepairable [sic] harm by being denied his God given right, constitutional right, humane right and civil right.

Dkt. 1 at 8-9. Plaintiff seeks monetary and injunctive relief (Dkt. 1 at 10).

Because Plaintiff alleges that the Defendant engaged in conduct which violated § 1983, the initial inquiry must focus on the language of 42 U.S.C. § 1997e, which sets forth certain threshold requirements which must be satisfied before a prisoner can bring a § 1983 claim. On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, to read, *inter alia*, as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a); Prison Litigation Reform Act of 1995, Title VIII, Section 803(d), Suits by Prisoners (hereinafter "PLRA"). This provision applies in the present case because Plaintiff filed his complaint after the PLRA's effective date. *See Booth v. C.O. Churner*, 532 U.S. 731, 736 (2001)*; Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998). Since the events of which Plaintiff complains occurred inside a penal institution, Plaintiff was clearly "in custody" at the time the alleged violations occurred.

Section 1997e(a) does not say that exhaustion of administrative remedies is required before a case may be decided. It says that "[n]o action shall be brought with respect to

-3-

prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a **precondition** to suit" (emphasis added). *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 534-35 (7th Cir. 1999). Likewise, finding that the PLRA's exhaustion requirements apply to all prison conditions claims, the Eleventh Circuit held that:

> "[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." *See Alexander,* 159 F.3d at 1323. "The plain language of the statute makes exhaustion a precondition to **filing** an action in federal court." *Freeman*, 196 F.3d at 645.

*Higginbottom v. Carter,* 223 F.3d 1259, 1260-61 (11th Cir. 2001) (emphasis added).

According to Plaintiff's sworn statements in the complaint, the events of which he complains occurred "in March 2001" (Dkt. 1 at 8). Plaintiff states that he has exhausted his administrative remedies and refers the Court to documents he filed in *Ross v. Pasternak*, Case No. 8:02-CV-494-T-30EAJ (M.D. Fla. 2002). *See* Dkt. 1 at 2-3. The Court has reviewed its file, as requested, and finds that Plaintiff filed a copy of an informal grievance he submitted to the assistant superintendent of the Polk Correctional Institution on April 4, 2001, alleging that:

> I am a Hebrew Israelite offender and I am presently observing the Feast of Unleavened Bread a duly authorize[d] Religious observance by the D.O.C. which includes daily meals. (Please See Chaplaincy Service Memos). On **April 03, 01** [sic] the A-Dorm Officer "Pasenet" on the 4-12 shift refused to let me go eat my meal along with the other authorized offenders of my faith thus deneing [sic] me my First Amendment Right to my belief. He did so even afer he was informed of the Memo and being asked to call food service for verification. Officer Pasenet caused undo [sic] mental pain and anguish, emotional distress and acted negligently, disrespectful and unprofessional. He displayed total disregard for the religious freedom guaranteed by the First and Fourteenth Amendments. My participation & practice of my religion is part of my rehibitation [sic] This Writer seeks any and all remedies [,] i.e.

> reprimand etc. as found in this institution[']s I.O.P.S. toward Ofc. Pasenet who willfully denied me.

Case No. 8:02-CV-494-T-30EAJ, Dkt. 15, Attach. [unnumbered]. Plaintiff's informal grievance was denied on April 11, 2001. Plaintiff submitted a Request for Administrative Remedy or Appeal to the Warden, Polk Correctional Institution, on April 17, 2001, which was denied on April 25, 2001. *Id.* On April 26, 2001. Plaintiff submitted a Request for Administrative Remedy or Appeal to the Secretary, Florida Department of Corrections, which was denied on May 16, 2001. *Id.* Thus, Plaintiff has established that he properly exhausted the administrative remedies related to an incident which occurred on April 3, 2001. There is, however, nothing in the file for Case No. 8:02-CV-494-T-30EAJ which indicates in any way that Plaintiff exhausted the "March 2001" claim pressed in the complaint presently before the Court. In fact, Plaintiff makes only one reference to the relevant time period in his grievance and appeals thereof, stating that "Chaplain Al-Khatib placed Memos in all dorms on 03-30-01." *Id.*

The Eleventh Circuit has held that the language of § 1997e(a) "means that 'until such administrative remedies as are available are exhausted,' a prisoner is precluded from **filing** suit in federal court." *Leal v. Georgia Dept. of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citation omitted and emphasis added). The Supreme Court held in *Booth* that exhaustion, including appeal of an unfavorable decision on the inmate's initial grievance, is required even where the State's administrative process could not award him the monetary relief he sought. *See Booth,* 532 U.S. at 741.

Because the events of which Plaintiff complains occurred more than four years ago, he has not shown any immediate risk of substantial or irreparable harm.

Another effect of the PLRA was the amendment of 28 U.S.C.§ 1915(b), which now requires that all prisoners bringing a civil suit or appeal while incarcerated pay the required filing fees and costs. *See* 28 U.S.C. §§ 1915(b)(1)-(2), 1915(f)(2). When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs. *See Mitchell v. Farcus*, 112 F.3d 1483, 1488-89 (11th Cir. 1997).

Under the PLRA, prisoners are responsible for paying their filing fees the moment the civil action or appeal is filed. "A limited exception exists only for prisoners who have 'no assets and no means by which to pay the initial partial filing fee." 28 U.S.C.A. § 1915(b)(4). However, "the prisoner is still *obligated* to pay the *full filing fee* when the money does become available" (emphasis added). *Rivera v. Allin*, 144 F.3d 719, 722 n.4 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997) (finding that "by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court. . . . Furthermore, the prisoner waives any objection to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs")). As the Eleventh Circuit stated in *Rivera*, "proceeding IFP in a civil case is a privilege, not a right -- fundamental or otherwise. . . . 'Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them.'" *Id.* at 724 (citation omitted).

Plaintiff became liable for payment of the $250.00 filing fee when he <u>initiated</u> this case. Subsequent dismissal of the case does <u>not</u> relieve him of his obligation to pay the filing fee. Plaintiff will, therefore, be assessed the $250.00 filing fee for civil actions.

ACCORDINGLY, it is **ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**. Plaintiff is hereby assessed the $250.00 filing fee and costs. Payment is to be made in accordance with the provisions of 28 U.S.C. § 1915(b) (2004).

2. The **Clerk** shall **MAIL** a certified copy of this Order to: Florida Department of Corrections, Bureau of Finance & Accounting, Inmate Trust Fund Section, 1711 Mahan Drive, Tallahassee, FL 32308, Attention: Jeffrey R. Straley, Professional Account Supervisor.

3. The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. 1915A(b)(1) and 42 U.S.C. § 1997e(a).

4. The **Clerk** is directed to enter judgment against Plaintiff, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 13, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: jsh

Copies furnished to:
*Pro Se* Plaintiff